1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  MATTHEW G. SILVA,

9                              Petitioner,

10         v.

11  STEVE SINCLAIR,

12                              Respondent.

Case No. C12-1442-JLR-BAT

**REPORT AND
RECOMMENDATON**

13         While incarcerated as a state prisoner, petitioner filed a pro se § 2254 petition for writ of

14  habeas corpus raising a single claim:  "denial of counsel on direct appeal from original

15  judgment."  Dkt. 11 at 5.  In his answer filed February 1, 2013, respondent contends the claim is

16  unexhausted and should be dismissed as procedurally barred.  Dkt. 29.  On February 21, 2013,

17  petitioner indicated he was being released from prison and needed until March 20, 2013, to "be

18  ready to address further matters in the case."  Dkt.  3 at 1.  The Court directed petitioner to file

19  any response to respondent's answer no later than March 25, 2013. Dkt.  4.  Having received no

20  response from petitioner, and having reviewed the record, the Court recommends the habeas

21  petition be **DENIED** and the matter be **DISMISSED** with prejudice.

22

23

REPORT AND RECOMMENDATON - 1

**DISCUSSION**

**A.**     **Petitioner failed to present his habeas claim to the highest state court**

Petitioner challenges his September 2, 2005, King County, Washington conviction for first degree robbery and sentence of 150 months.  Dkt. 11.  Petitioner has unsuccessfully challenged this conviction numerous times in the state courts.  As discussed below, he failed to present his federal habeas claim fully and fairly to the highest state court.

(1)     In 2005, petitioner filed a direct appeal in the state court of appeals.  The appeal, No. 56867-1-I, was dismissed and petitioner did not seek review in the state supreme court.  Dkt. 11.

(2)     On September 2, 2005, petitioner filed a personal restraint petition ("PRP") in King County Superior Court, and amended PRP in November 2005.  *See* Dkt. 32 (State Court Record ("SCR")), Ex. 25, 27, 32.  The petitions did not raise the habeas claim before the Court and were ultimately dismissed by the state court of appeals.  SCR, Ex. 37.  Petitioner failed to file a motion discretionary review in the state supreme court and the matter was dismissed as abandoned.  SCR, Ex. 40.

(3)     In February 2007, petitioner filed a PRP in the state supreme court alleging he was convicted without a jury and sentenced without the assistance of counsel.  SCR, Ex. 43.  He did not present the habeas claim before the court.  The PRP was dismissed in October 2007. SCR, Ex. 52.

(4)     In 2011, petitioner filed a direct appeal alleging he was denied effective counsel at trial; that his due process rights were violated by the presentation of perjured testimony; the appearance of fairness doctrine was violated; the trial judge erroneously failed to stay execution of the judgment; and his right to a speedy appeal was violated.  SCR, Ex. 54.  This appeal is still

1  pending.  Dkt. 17 at 7.  The claim raised in this habeas action was not presented in this appeal.

2      (5)    In July 2012, petitioner sought discretionary review in the state court of appeals

3  regarding the trial court's failure to rule on certain post-conviction motions.  SCR, Ex. 57.  The

4  matter was dismissed in November 2012 and petitioner did not seek review in the state supreme

5  court.

6  **B.     The claim is unexhausted and procedurally defaulted**

7      The merits of petitioner's claim—denial of counsel on direct appeal from original

8  judgment—need not be addressed because petitioner failed to fully and fairly present it to the

9  highest state court, and it is thus not properly before the Court.  A federal court may not consider

10  the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first

11  exhausted his available state court remedies.  28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455

12  U.S. 509, 515 (1982).  If a petitioner fails to present his federal claims to the state's highest

13  court, and if he is procedurally barred from presenting those claims to the appropriate state court

14  at the time of filing his federal habeas petition, the petitioner's claims are considered

15  procedurally defaulted for purposes of federal habeas review, and the petition must be dismissed.

16  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

17      Exhaustion requires a state prisoner to give the state courts a "fair opportunity to act" on

18  each of his claims before he presents those claims in a federal habeas petition.  *Id*. at 844.  In

19  order to provide the state courts with the requisite "opportunity" to consider his claims, a

20  prisoner must "fairly present" his claims to each appropriate state court for review, including a

21  state supreme court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) citing *Duncan v. Henry*, 513 U.S.

22  364, 365 (1995).

23      The record shows petitioner has never presented his federal habeas claim to the state's

1   highest court.  State law bars him from presenting and attempting to present the claim in the state

2   court, now, because of the state statute of limitations and prohibition against successive personal

3   restraint petitions.  *See* RCW 10.73.090 and 140.  The habeas claim before the Court is thus

4   unexhausted and procedurally defaulted for purposes of federal habeas review.

5          As petitioner's claim is procedurally defaulted, the Court cannot consider it unless he can

6   demonstrate cause and prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  To

7   establish "cause" petitioner must show the existence of "some objective factor external to the

8   defense [which] impeded counsel's efforts to comply with the State's procedural rule."  *Murray*

9   *v. Carrier*, 477 U.S. 478, 488 (1986); *see also McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

10          Courts will excuse a defaulted claim when (1) the factual or legal basis for the claim was

11   unavailable; (2) interference by state officials impeded the ability to bring the claim; or (3) the

12   petitioner received ineffective assistance of counsel.  *Murray*, 477 U.S. at 488.  By this standard

13   petitioner falls far short of establishing cause.  To begin, petitioner has presented no explanation

14   for his failure to present the claim to the highest state court when the evidence supporting the

15   claims was available to him.  The claim clearly could have been presented years ago as it is

16   based on facts known to petitioner in 2005 or 2006, i.e., the denial of counsel on direct appeal.

17   As such, petitioner obviously knew about the claim at the time state court of appeals denied his

18   direct appeal and could sought review in the state supreme court.  The record thus establishes

19   petitioner could have properly presented his claim to the Washington State Supreme Court but

20   inexcusably failed to do so.  Accordingly, petitioner has failed to establish cause to excuse his

21   unexhausted and defaulted claim.

22          In sum, because petitioner's claim is unexhausted and procedurally barred, and he has not

23   shown cause and prejudice to excuse the default, the Court recommends **DENYING** his § 2254

REPORT AND RECOMMENDATON - 4

1  petition and **DISMISSING** the matter with prejudice.

2  **CERTIFICATE OF APPEALABILITY**

3       If the district court adopts the Report and Recommendation, it must determine whether a

4  certificate of appealability ("COA") should issue.  A COA may be issued only where a petitioner

5  has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C.

6  § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

7  disagree with the district court's resolution of his constitutional claims or that jurists could

8  conclude the issues presented are adequate to deserve encouragement to proceed further."

9  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

10       The Court recommends petitioner not be issued a COA.  No jurist of reason could

11  disagree with this Court's evaluation of his habeas petition or would conclude that the issues

12  presented deserve encouragement to proceed further.  Petitioner should address whether a COA

13  should issue in his written objections, if any, to this Report and Recommendation.

14  **CONCLUSION**

15       The Court recommends the § 2254 habeas petition be **DISMISSED** with prejudice

16  because the claim presented is unexhausted and procedurally defaulted.  The Court also

17  recommends **DENYING** a certificate of appealability.  A proposed order accompanies this

18  Report and Recommendation

19       Any objections to this Recommendation must be filed and served upon all parties no later

20  than **April 15, 2013.**  The Clerk should note the matter for **April 19, 2013**, as ready for the

21  District Judge's consideration if no objection is filed.  If objections are filed, any response is due

22  within 14 days after being served with the objections.  A party filing an objection must note the

23  matter for the Court's consideration 14 days from the date the objection is filed and served.  The

REPORT AND RECOMMENDATON - 5

1    matter will then be ready for the Court's consideration on the date the response is due.

2    Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may

3    affect the right to appeal.

4         DATED this 1st day of April, 2013.

5

6    _____
     BRIAN A. TSUCHIDA
7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATON - 6